Receipt number AUSFCC-9855564

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**STARLI DESTINATIONS, LLC**
    **4207 Moss Cove Court**
    **Sugar Land, TX 77479,**

              **Plaintiff,**                **No.** __24-1460 T__

    **v.**

**THE UNITED STATES OF AMERICA,**

              **Defendant.**

### COMPLAINT FOR REFUND

Plaintiff, Starli Destinations, LLC, files this Complaint for Refund pursuant to 26 U.S.C. § 7422 against Defendant, the United States of America, seeking a refund of employee retention tax credits, plus interest thereon pursuant to 26 U.S.C. §§ 6611 and 6621. Plaintiff's refundable employee retention tax credit for the employment tax quarters at issue are as follows (hereinafter the "Tax Periods at Issue"):

| Tax Period | Refundable Employee Retention Credit |
|---|---|
| Employment Tax Quarter Ending June 30, 2020 | $26,463.10 |
| Employment Tax Quarter Ending September 30, 2020 | $213,454.48 |
| Employment Tax Quarter Ending December 31, 2020 | $259,140.34 |
| Employment Tax Quarter Ending March 31, 2021 | $312,499.02 |
| Employment Tax Quarter Ending June 30, 2021 | $240,542.81 |
| Total | $1,052,099.75 |

To the extent applicable, Plaintiff seeks reasonable litigation and administrative costs as permitted by 26 U.S.C. § 7430. In further support thereof, Plaintiff alleges:

### I.    PLAINTIFF

1.    Plaintiff, Starli Destinations, LLC, was formed on January 18, 2020, as a domestic for-profit New Jersey limited liability company that had business addresses of 12 Tomalyn Hill Road, Montville, New Jersey 07045 and 9 Old Jacksonville Road, Towaco, NJ 07082 until July

1

12, 2021.   Plaintiff's principal operating area was Rockland County, New York, and the surrounding areas in New York and New Jersey while it was a New Jersey limited liability company.

2.     Plaintiff reorganized as a domestic for-profit New York limited liability company on July 13, 2021, with a business address of 228 East RTE. 59, Suite 136, Nanuet, NY 10954 and its principal operating area remained Rockland County, New York.

3.     Plaintiff's FEIN is 84-4433867.

## II.     DEFENDANT

4.     Defendant is the United States of America.

## III.     JURISDICTION AND VENUE

5.     This Court has jurisdiction for the recovery of Federal tax, interest, and penalties founded upon the Internal Revenue Code pursuant to 28 U.S.C. §§ 1346(a)(1) and 1491(a).

6.     Plaintiff complied with the requirements of 26 U.S.C. § 7422(a) by filing claims for refund via Forms 941-X, Adjusted Employer's Quarterly Federal Tax Return or Claim for Refund, for each of the Tax Periods at Issue.

7.     Before January 3, 2024, Plaintiff paid all amounts due for the employment tax quarters ending June 30, 2020, September 30, 2020, December 31, 2020, March 31, 2021, and June 30, 2021.

8.     On or around January 3, 2024, Plaintiff filed the attached Forms 941-X (Exhibit A) for the employment tax quarters ending June 30, 2020, September 30, 2020, December 31, 2020, March 31, 2021, and June 30, 2021 (collectively, the "Claims"), to claim refunds relating to the employee retention tax credit to which Plaintiff was lawfully entitled.

9.     Plaintiff filed its Claims within three years of the time the original returns were filed as required by 26 U.S.C. § 6501.

10.     More than six months have elapsed since Plaintiff timely filed its Claims.

11.     IRS has not notified Plaintiff whether its Claims have been allowed.

### IV.     FACTUAL BACKGROUND

12.     Plaintiff's business was formed on January 18, 2020.

13.     Plaintiff is organized as a for-profit, domestic limited liability company with its principal place of business in New York, New York in 2020 and 2021.

14.     Plaintiff is in the trade and business of providing last mile delivery services.

15.     Plaintiff continued to provide last mile delivery services throughout the COVID-19 pandemic during 2020 through 2021.

16.     Plaintiff employed an average of one hundred (100) or fewer full-time employees in 2020.

17.     Plaintiff paid qualified wages to its employees during 2020 and 2021.

18.     Plaintiff's "qualified wages" did not include any wages paid with Paycheck Protection Program funds that were subsequently forgiven or any wages used to claim any other tax credits including the Work Opportunity Tax Credit and Families First Coronavirus Response Act tax credits.

19.     Plaintiff paid qualified health plan expenses to its employees during 2020 and 2021.

20.     Plaintiff's business was partially suspended by governmental orders that limited commerce, travel, and group meetings for the period of May 13, 2020, through June 15, 2021.

21.     Plaintiff was an "eligible employer" under all applicable statutory provisions, including the Internal Revenue Code and Coronavirus Air, Relief, and Economic Security Act (the "CARES Act"), as amended by the COVID-related Tax Relief Act (the "COVID Relief Act") and the American Rescue Plan Act (the "ARPA"), for all Tax Periods at Issue.

22.     Plaintiff initially over reported tax amounts on its Forms 941, Employer's Quarterly Federal Tax Returns, for the Tax Periods at Issue. See Exhibit B.

23.     On or about January 3, 2024, Plaintiff timely filed its Claims for the total amount of $1,052,099.75.

24.     Certified mail receipts indicate that the IRS received Plaintiff's Claims on or about January 8, 2024.  See Exhibit C.

25.     Plaintiff maintained sufficient and accurate documentation to support the determination that its business was partially suspended by governmental orders that limited commerce, travel, and group meetings for the Tax Periods at Issue.

## V.     GROUNDS FOR RELIEF

26.     The CARES Act was enacted to provide *emergency economic assistance* to help individuals and businesses cope with the economic and public health crisis triggered by the worldwide COVID-19 pandemic.  P.L.116, 136,134 Stat. 281 (2020) (*emphasis added*).

27.     The CARES Act created an employee retention tax credit designed to encourage eligible employers to keep employees on their payroll despite experiencing economic hardship related to COVID-19.  *Id*.

28.     Plaintiff retained its employees throughout the pandemic period despite experiencing economic hardship.

29.     The IRS failed to fulfill its statutory duty by unjustly withholding Plaintiff's funds without justification.

30.     Plaintiff has met all jurisdictional prerequisites required under 26 U.S.C. §§ 7422 and 6532.

31.    Plaintiff has met all jurisdictional and legal prerequisites for entitlement to employee retention tax credit claims for refund for employment tax quarters ending June 30, 2020, September 30, 2020, December 31, 2020, March 31, 2021, and June 30, 2021.

32.    Plaintiff is entitled to employee retention tax credits of at least $1,052,099.75, plus interest thereon to the fullest extent of the law.

33.    Plaintiff is entitled to its attorneys' fees and costs for bringing this cause of action.

## VI.    INFORMATION REQUIRED BY RULE 9(m)

34.    Exhibit A (Forms 941-X) are copies of Plaintiff's claims for refund.

35.    In the claims for refund, Plaintiff sought employee retention tax credits for the 2020 and 2021 tax years in the amount of $1,052,099.75.

36.    The Forms 941-X were filed by mailing on January 3, 2024, by USPS mail, certified mail receipt, to the IRS at Ogden, UT 84201-0005.

37.    The name, address, and identification of the Plaintiff are as follows:

Starli Destinations
Dr. Athos Brewer, President and CEO
4207 Moss Cove Court
Sugar Land, TX 77479

## VII.    PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Starli Destinations, LLC, requests judgment against Defendant, the United States of America, for:

i)    A refund of at least $1.052,099.75, plus interest thereon to the fullest extent of the law for the employment tax quarters ending June 30, 2020, September 30, 2020, December 31, 2020, March 31, 2021, and June 30, 2021.

ii)    Reasonable litigation and administrative costs as allowed by law.

iii)    Such other and further relief to which Plaintiff, Starli Destinations, LLC, is entitled to at law or in equity.

Dated:  September 18, 2024

Respectfully submitted,

Vassiliki Economides Farrior
Bar Number: OBA #33387
Ogletree, Deakins, Nash, Smoak
  & Stewart, P.C.
621 N. Robinson Ave., Suite 400
Oklahoma City, OK 73102
(405) 546-3774
(405) 546-3775 (fax)
viki.farrior@ogletree.com

**ATTORNEY FOR PLAINTIFF**