IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Case No. 24-1460 T

(Senior Judge Loren A. Smith)

STARLI DESTINATIONS, LLC,

                                         Plaintiff,

v.

THE UNITED STATES,

                                         Defendant.

## ANSWER

Defendant, the United States, files this Answer to plaintiff's Complaint. (ECF 1). Defendant denies every allegation that is not expressly admitted below. Defendant further responds to the Complaint as follows:

### COMPLAINT FOR REFUND

To the extent the allegations in this unnumbered paragraph require a response, admits that plaintiff is suing the United States for a $1,052,099.75 tax refund based on the Employee Retention Credit ("ERC") for tax periods ending on June 30, 2020, September 30, 2020, December 31, 2020, March 31, 2021, and June 30, 2021, ("Tax Periods at Issue"), statutory interest pursuant to I.R.C. §§ 6611 and 6621, and litigation costs pursuant to I.R.C. § 7430. Denies that plaintiff is entitled to any such relief.

### I.    PLAINTIFF

1.    Admits, based on plaintiff's name and the New Jersey Department of Treasury's "Business Name Search," that plaintiff was formed as a New Jersey limited liability company on January 18, 2020. States that defendant lacks knowledge or information sufficient to form a

1

belief as to the allegations regarding plaintiff's business addresses, plaintiff's principal place of business, or the transfer of plaintiff's principal place of business on July 12, 2021.

2. Admits, based on "Entity Information" from the New York Secretary of State, Division of Corporations, that plaintiff registered as a domestic for-profit New York limited liability company on July 13, 2021. Admits that the alleged "business address" was an address used by plaintiff as a service address in its registration. States defendant lacks knowledge or information sufficient to form a belief as to the allegations regarding plaintiff's principal place of business, plaintiff's alleged reorganization, or the location of its principal operating area.

3. Admits.

## II. DEFENDANT

4. Admits.

## III. JURISDICTION AND VENUE

5. Denies that this Court's jurisdiction over tax refund cases derives from 28 U.S.C. § 1346(a)(1). Admits that this Court has jurisdiction over tax refund cases pursuant to 28 U.S.C. § 1491(a). Admits that jurisdiction in this case, to the extent it exists, would be founded upon 28 U.S.C. § 1491(a). Avers that, as of the date of this answer, defendant has not identified any jurisdictional defects that it intends to raise.

6. Admits that plaintiff filed Forms 941-X for each tax period at issue. States that plaintiff's allegation that doing so "complied with the requirements of 26 U.S.C. § 7422(a)" constitutes legal argument as to which no response is required.

7. Admits that plaintiff has paid all amounts represented as due on its employment tax returns for the Tax Periods at Issue. States that plaintiff's claim that this was the total amount owed constitutes legal argument as to which no response is required.

8. Admits that the documents attached to plaintiff's complaint as Exhibit A are copies of Forms 941-X that plaintiff filed with the Internal Revenue Service, but avers that the IRS copies of those documents include stamps and certain other notations that the IRS added to the documents upon receipt and the certain portions of IRS documents are more legible than the documents in Exhibit A. (ECF 1-2) States defendant that lacks sufficient information to admit or deny that the Forms 941-X were filed on or around January 3, 2024. States that the Internal Revenue Service received the Forms 941-X no later than February 8, 2024. Further states that plaintiff's allegation that it filed the Forms 941-X "to claim refunds relating to the employee retention tax credit to which Plaintiff was lawfully entitled[]" constitutes legal argument as to which no response is required.

9. Admits that plaintiff filed its claims within three years of the original filing of the returns for tax periods ending on March 31, 2021, and June 30, 2021. States that defendant lacks knowledge or information sufficient to form a belief regarding whether plaintiff filed its claims within three years of the original filing of the return for the tax period ending on December 31, 2020. Denies that plaintiff filed within three years of the original filing of the return for tax periods ending on June 30, 2020, and September 30, 2020. Avers that Forms 941 are, for tax refund claim purposes, treated as if they were filed "April 15 of the succeeding calendar year" and that plaintiff's claims were filed within three years of April 15, 2021, and April 15, 2022. I.R.C. § 6513(c)(1). States that plaintiff's claim about any "require[ment]" of 26 U.S.C. § 6501 constitutes legal argument as to which no response is required. Avers that 26 U.S.C. § 6511 governs the statute of limitations for tax refund claims.

10. States that the allegation that plaintiff's claims were "timely filed" constitutes legal argument as to which no response is required. Admits that "[m]ore than six months have

elapsed" since plaintiff filed Forms 1120-X for tax periods ending on June 30, 2020, September 30, 2020, December 31, 2020, March 31, 2021, and June 30, 2021.

11. Admits.

## FACTUAL BACKGROUND

12. Admits to the extent that "plaintiff's business was formed on January 18, 2020" refers to the creation of Starli Destinations, LLC as a New Jersey limited liability company. States that defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

13. Admits that plaintiff is organized as a for-profit, domestic limited liability company. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding plaintiff's principal place of business.

14-16. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 through 16.

17. States that plaintiff's claim that it paid "qualified wages" constitutes legal argument as to which no response is required.

18. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18.

19. States that plaintiff's claim that it paid "qualified health plan expenses" constitutes legal argument as to which no response is required.

20. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20.

21. States that the allegations in paragraph 21 constitute legal argument as to which no response is required.

22. Admits that plaintiff attached purported copies of its originally filed Forms 941 for the Tax Periods at Issue as Exhibit B. (ECF 1-3). States that defendant, as of the date of this answer, lacks knowledge or information sufficient to form a belief about the authenticity of Exhibit B. Denies that plaintiff "initially over reported tax amounts."

23. Admits that plaintiff filed refund claims for tax periods ending on June 30, 2020, September 30, 2020, December 31, 2020, March 31, 2021, and June 30, 2021, seeking refunds or credits of tax in an amount totaling $1,052,099.75. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the date of filing of such claims with the IRS. States that plaintiff's allegation that the claims were "timely filed" constitutes legal argument as to which no response is required.

24. Admits that certified mail receipts are attached to plaintiff's complaint as Exhibit C. (ECF 1-4) States that, as of the date of this answer, defendant lacks knowledge or information sufficient to form a belief as to the authenticity of Exhibit C or as to the date on which the IRS received plaintiff's refund claims.

25. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25.

## GROUNDS FOR RELIEF

26-27. States that paragraphs 26 and 27 constitute legal argument as to which no response is required.

28. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28.

29. Denies.

30-33. States that paragraphs 30 through 33 constitute legal argument as to which no response is required.

## INFORMATION REQUIRED BY RULE 9(m)

34. Admits that the documents attached to plaintiff's complaint as Exhibit A are copies of Forms 941-X that plaintiff filed with the Internal Revenue Service, but avers that the IRS copies of those documents include stamps and certain other notations that the IRS added to the documents upon receipt and the certain portions of IRS documents are more legible than the documents in Exhibit A.

35. Admits that plaintiff filed refund claims for tax periods ending on June 30, 2020, September 30, 2020, December 31, 2020, March 31, 2021, and June 30, 2021, seeking refunds or credits of tax in an amount totaling $1,052,099.75.

36. Admits that plaintiff mailed the Forms 941-X to Ogden, UT 84201-0005. States that defendant lacks knowledge or information sufficient to form a belief as to the allegations regarding the date of filing.

37. Admits that that plaintiff is named "Starli Destinations." States that defendant lacks knowledge or information sufficient to form a belief as to the allegations regarding the address of plaintiff or the identity of its president.

## PRAYER FOR RELIEF

38. In response to the prayer for relief, denies that plaintiff is entitled to any of the relief requested.

## ADDITIONAL DEFENSES

39. Any recovery by plaintiff in this case is subject to the amount limitations of 26 U.S.C.§ 6511(b)(2).

WHEREFORE, defendant requests that the Court enter judgment in favor of defendant and against plaintiff on plaintiff's claim for the refund of federal employment taxes including interest for tax periods ending on June 30, 2020, September 30, 2020, December 31, 2020, March 31, 2021, and June 30, 2021, with costs assessed against plaintiff.

Respectfully submitted,

November 18, 2024         /s/  Joseph R. Longenecker
                                  JOSEPH R. LONGENECKER
                                  Trial Attorney
                                  U.S. Department of Justice
                                  Tax Division
                                  Court of Federal Claims Section
                                  Post Office Box 26
                                  Ben Franklin Post Office
                                  Washington, D.C. 20044
                                  Tel: (202) 616-3338
                                  Fax: (202) 514-9440
                                  Joseph.Longenecker@usdoj.gov

                                  DAVID A. HUBBERT
                                  Deputy Assistant Attorney General
                                  DAVID I. PINCUS
                                  Chief, Court of Federal Claims Section
                                  JASON BERGMANN
                                  Assistant Chief, Court of Federal Claims Section

                                   /s/ Jason Bergmann
                                  Of Counsel

                                  Attorneys for the United States